UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOMENICO D'AMBROSIO,
MICHELE D'AMBROSIO,

    Plaintiffs,

v.

Case No. 2:25-cv-155-KCD-NPM

AMERICAN BANKERS
INSURANCE COMPANY OF
FLORIDA,

    Defendant.
_____/

# ORDER

This is an insurance dispute stemming from Hurricane Ian. Plaintiffs Domenico and Michelle D'Ambrosio submitted a flood claim that Defendant American Bankers Insurance Company of Florida will not pay. To recover the funds allegedly owed, Plaintiffs sue for breach of contract. (Doc. 1.)[1]

Now before the Court is Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 20.) Defendant presses one argument: "Plaintiffs failed to bring their lawsuit . . . within one year from the date of [the] partial denial of [their] flood insurance claim." (*Id.* at 1.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

A standard flood insurance policy, like here, "is provided under the terms of the National Flood Insurance Act of 1968 and its Amendments, and Title 44 of the Code of Federal Regulations." *Menster v. Allstate Ins. Co.*, No. 5:19-CV-77-OC-30PRL, 2020 WL 5534462, at *2 (M.D. Fla. Aug. 5, 2020). These regulations require a claimant to file suit "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072; *see also* 44 C.F.R. § 62.22(a).

According to the complaint, Plaintiffs submitted their flood claim shortly after Hurricane Ian. Then, on December 19, 2022, Defendant issued a partial payment. (Doc. 20-1.) This correspondence also denied a portion of the claim:

> We denied a portion of your claim based upon the applicable provisions of the Standard Flood Insurance Policy (SFIP), as set forth below.
>
> . . .
>
> We reviewed the Independent Adjuster's report dated October 15, 2022 which indicates damage to the following items: Pool, pool equipment, and patio furniture. Please be advised, pursuant to the policy section IV. PROPERTY NOT INSURED #14 – the policy does not insure hot tubs, spas, and pools and equipment. #1 – the policy does not insure personal property not inside a building. We regret we are unable to include payment for the items listed above and must deny payment pursuant to the applicable policy language.

(*Id.*) Plaintiffs filed suit on February 26, 2025, so this case is seemingly several years too late. *See Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-

2

00407-WFJ-AAS, 2025 WL 1133767, at *3 (M.D. Fla. Apr. 17, 2025) ("[A] denial letter is a proper disallowance that triggers the one-year limitation period[.]").

Plaintiffs do not dispute the timeline above. Nor do they contest the validity of the denial letter. (*See* Doc. 24.) Instead, they argue it is extraneous evidence that the Court cannot use. (*Id.* at 4.) According to Plaintiffs, "[t]he Court may only consider what is within the four corners of the pleading when considering a [Rule 12(b)(6)] motion." (*Id.*) And the denial letter is an exhibit to Defendant's motion that is nowhere mentioned in the complaint.

"Generally, only the four corners of the complaint may be considered in ruling on a motion to dismiss pursuant to Rule 12(b)(6)." *Wittenberg v. Judd*, No. 8:17-CV-467-T-26AEP, 2017 WL 1399817, at *3 (M.D. Fla. Apr. 19, 2017). But there are several exceptions to this rule. *See Brown v. S. Fla. Fishing Extreme, Inc.*, No. 08-20678CIV-GOLDMCAL, 2008 WL 2597938, at *1 (S.D. Fla. June 27, 2008). Pertinent here, "a document outside the four corners of the complaint may . . . be considered" as incorporated by reference if it "is central to the plaintiff's claims and is undisputed in terms of authenticity," regardless of whether it is "mentioned in" or "attached to" the complaint. *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

The Court agrees with Defendant—the December 2022 denial letter fits squarely within the incorporation-by-reference doctrine. It is central to

3

Plaintiffs' case "because it is the denial [they] seek[] to challenge." *Apatow v. Am. Bankers Ins. Co. of Fla.*, No. 16-198 MWF (MRWX), 2016 WL 7422288, at *2 (C.D. Cal. Dec. 21, 2016). The letter's authenticity is also unchallenged. "So the Court considers it." *Price v. Wright Nat'l Flood Ins. Co.*, No. 2:24-CV-914-SPC-KCD, 2025 WL 487627, at *1 (M.D. Fla. Feb. 13, 2025).

Defendant's denial letter triggered the one-year limitations period. So this case, filed over two years later, is time-barred. Accordingly, it is now **ORDERED**:

    1.    Defendant's Motion to Dismiss (Doc. 20) is **GRANTED**;

    2.    Plaintiffs' complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**;

    3.    The Clerk is **DIRECTED** to enter judgment accordingly, deny all pending motions as moot, terminate any deadlines, and close the case.

**ENTERED** in Fort Myers, Florida on October 7, 2025.

Kyle C. Dudek
United States District Judge